UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LASONJA TALLEY,**<br>     Plaintiff,<br><br>v.<br><br>**DENISE GILBERT, *et al.*,**<br>     Defendants. | Case No. 1:23-cv-834-CLM |

# MEMORANDUM OPINION

Lasonja Talley sues three employees of the Calhoun County Health Department (Denise Gilbert, Mary Gomillion, and Traci Rowell) for race discrimination and retaliation. (Doc. 20). Defendants ask the court to dismiss all claims. (Doc. 21). For the reasons below, the court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion to dismiss.

## BACKGROUND

Because the court recited the facts in depth in its first Memorandum Opinion, (doc. 18), it keeps its factual recitation here to a minimum. Because Talley is defending against a motion to dismiss, the court assumes the pleaded facts are true. *Crowder v. Delta Air Lines, Inc.,* 963 F.3d 1197, 1202 (11th Cir. 2020).

### 1. Facts

Talley (a Black woman) worked as a records clerk at the Calhoun County Health Department. Talley reported to Gilbert, Rowell, and Gomillion. Talley's discipline record was unblemished from 2005 to 2015. But Talley's superiors reprimanded her four times between 2015 and 2021.

Talley's work-place issues reached a tipping point when she was reprimanded for a mistake made by her white co-worker, Christy Wright. Talley asked Gomillion and Rowell if she was blamed because she's black and Wright is white. Talley then filed a formal complaint of race discrimination with employee relations.

According to Talley, Defendants began retaliating against her for these complaints. Talley claims Defendants subjected her to "heightened scrutiny regarding her timeliness and compliance with the dress code," ignored her, disciplined her for things she didn't do, held her responsible for non-descript customer complaints, and eventually suspended her in July 2022 for false accusations after a suspension hearing. (Doc. 20, p. 7–13). Talley resigned because, she says, "the conditions were so unbearable that [she] was effectively discharged." (*Id.*, p. 13).

### 2. Procedural History

Talley sued Gilbert, Gomillion, and Rowell plus the Calhoun County Department of Health in her initial complaint. (Doc. 11). Upon Defendants' request, the court dismissed the Health Department and all official capacity claims against the individual Defendants. (Doc. 19). As for Talley's individual capacity claims, the court denied Defendants' motion on Talley's race discrimination claim (Count I) and equal protection claim (Count III) but dismissed Talley's retaliation claim (Count II) for failing to adequately plead causation. (*Id.*) All dismissals were without prejudice.

Talley filed a Second Amended Complaint against Gilbert, Gomillion, and Rowell in their individual and official capacities for race discrimination, retaliation, and equal protection violations. (Doc. 20). Talley does not plead a claim against the Health Department. Defendants again ask the court to dismiss all claims. (Doc. 21).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the plaintiff's well-pleaded allegations as true and makes reasonable inferences in his favor. *Crowder*, 963 F.3d at 1202. But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the court disregards both conclusory statements and "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

In Counts I and III, Talley repleads the same race discrimination and equal protection claims that the court refused to dismiss against Defendants in their individual capacities. For the same reasons it gave in its previous order, the court finds these claims are adequately pleaded.

The court also notes that while Talley added one sentence to her factual recitation that says she was "constructively discharged" (doc. 20, ¶ 72), Talley does not plead constructive discharge as a distinct claim under any legal provision. *See Beltrami v. Special Counsel, Inc.*, 170 Fed. Appx 61 (11th Cir. 2006) (noting that constructive discharge is a distinct cause of action). The court thus finds that Talley has not pleaded (much less sufficiently pleaded) a constructive discharge claim.

That leaves only two issues to decide: (1) official capacity claims and (2) retaliation.

### 1. Official Capacity

Talley again sues Defendants in their official capacities as employees of the Health Department. (Doc. 20, p. 3). In its first

3

Memorandum Opinion, the court addressed Talley's official capacity claims as follows:

> Talley sues Denise Gilbert, Traci Rowell, and Mary Gomillion in their official capacities. Suing government employees in their official capacities "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As a result, "[s]uits against state officials in their official capacity [] should be treated as suits against the State." *Id.*
>
> But there's one caveat: The Eleventh Amendment doesn't prevent federal courts from granting prospective injunctive relief that prevents the employees from continually violating federal law. *See generally Ex parte Young*, 209 U.S. 123, 159 (1908) (allowing equitable relief in official capacity suits to prevent "simply [] illegal act[s] upon the part of a state official [] attempting, by the use of the name of the state, to enforce a legislative enactment which is void because unconstitutional.").
>
> Based on these rules, the court will **DISMISS** as barred by the Eleventh Amendment all claims against Gilbert, Rowell, and Gomillion in their official capacities, except one: Talley's request for reinstatement because it is the only request for prospective injunctive relief. (Doc. 11, p. 21, ¶ 1). That said, the court notes that Talley has not pleaded that she was fired or quit her job, so it's unclear what reinstatement would entail.

(*Id.*, p. 5–6). The court adopts and reincorporates its previous reasoning and ruling.

4

As state employees, Defendants are entitled to immunity in their official capacities for all claims except Talley's requested prospective request for reinstatement. In this complaint, Talley insinuates that she quit her job because she felt she had no choice (¶ 70), making reinstatement a *potentially* viable claim for relief. But again, Talley has not pleaded a claim of constructive discharge, so Talley has not addressed the court's concern with the practical application of reinstatement. That issue must be addressed in due cause. But for now, for the same reasons the court gave in its first opinion, the court **DISMISSES WITH PREJUDICE** all official capacity claims except Talley's prospective injunctive request for reinstatement.

## 2. Retaliation

The court dismissed Talley's original retaliation claim because Talley failed to plead that Gilbert, Gomillion, or Rowell knew about her complaint of discrimination. (Doc. 18, p. 12). In her amended complaint, Talley tries to alleviate the court's pleading concerns by

- alleging a new instance of protected activity (*i.e.*, asking Rowell and Gomillion if she was written up for Wright's mistake because Talley is black and Wright is white),
- stating that "causation is [] established as all of her supervisors were aware of her complaints," and
- relying on the temporal proximity between her engagement in protected activity and retaliatory treatment.

(Doc. 20, p. 17–18). The court will walk through each of Talley's new attempts to establish causation.

1. <u>New Instance of Protected Activity</u>: The only protected activity Talley included in her First Amended Complaint was her formal complaint of discrimination filed in 2021. (Doc. 11, p. 14). In her Second Amended Complaint, Talley again fails to allege that any Defendant knew that she filed this complaint. *See generally* (doc. 20).

5

That said, Talley adds facts that *could* tie two Defendants to the complaint. Talley now also alleges that Rowell and Gomillion were present for her disciplinary meeting, and during that meeting, Talley asked Rowell and Gomillion if they were disciplining her for Wright's mistake because Talley is "black, and she is white?" (*Id.*, ¶ 36). Talley then wrote on her supervisors' paperwork that she disagreed with the discipline (¶37), then filed her formal complaint "immediately following this incident." (¶38). While it's close, accepting these facts as true, a reasonable juror might find that Rowell and Gomillion knew that Talley wrote down her objection because she was going to promptly file a formal race-based objection. Further, a reasonable jury could interpret Talley's question during the meeting as an informal complaint of race discrimination, which constitutes protected activity under Title VII. *See Rollins v. State of Fla. Dept. of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989). So the court will allow Talley to proceed to discovery against Rowell and Gomillion. Because Talley doesn't allege Gilbert was present at the meeting or knew of about her informal complaint, the court finds that Talley didn't sufficiently plead a retaliation claim against Gilbert.

2. Legal Conclusion: Talley next attempts to establish knowledge by baldly alleging that "all of her supervisors were aware of her complaints." (Doc. 20, p. 17). But as Defendants point out and Talley admits, this statement amounts to no more than a legal conclusion. (Doc. 21, p. 7); (doc. 23, p. 12). Because the court disregards legal conclusions when ruling on motions to dismiss, Talley's assertion fails to help her establish causation as to Gilbert. *See Iqbal*, 556 U.S. at 678.

3. Temporal Proximity: Finally, Talley tries to establish causation by relying on the time between her complaints and the "write ups and suspension without pay." (Doc. 20, p. 18). "But unrebutted evidence that the decision maker did not have knowledge of the employee's protected conduct means that temporal proximity alone is insufficient to create a genuine issue of fact as to causal connection. After all, a decision maker cannot have been motivated to retaliate by something unknown to him, whether or not the two events happened close in time." *Martin v.*

6

*Financial Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1054 (11th Cir. 2020) (internal citation and quotations omitted). Because there is no evidence Gilbert knew of Talley's engagement in protected activity, Talley can't rely on temporal proximity to prove causation.

Even if Talley could rely on temporal proximity, "a three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2004). According to Talley, she made her informal and formal complaints sometime around the end of June 2021. (Doc. 20, p. 6–7). As Defendants point out, Talley admits in her Second Amended Complaint that "the first opportunity to retaliate against Talley was on December 20, 2021." (*Id.*, p. 8). A six-month gap between protected activity engagement and adverse employment action is too much time to serve as circumstantial evidence of causation. *See Thomas*, 506 F.3d at 1364. With or without the aid of temporal proximity, Talley can't establish causation on her retaliation claim against Gilbert.

—

In short, Talley fails to sufficiently allege Gilbert knew that Talley engaged in a protected activity. So Talley again fails to plausibly claim Gilbert retaliated against her. The court must **DISMISS** Talley's claim of retaliation against Gilbert **WITH PREJUDICE.** Talley may, however, proceed on her retaliation claim against Gomillion and Rowell.

## CONCLUSION

For these reasons, the court **DISMISSES WITH PREJUDICE** all claims (except reinstatement) against Gilbert, Gomillion, and Rowell in their official capacities. The court also **DISMISSES WITH PREJUDICE** retaliation against Gilbert. Talley may proceed on these claims: race discrimination (Count I) and equal protection (Count III) against all three Defendants in their individual capacities and retaliation against Gomillion and Rowell (Count II) in their individual capacities. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** on May 22, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE